IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

GARY DICKENS,

Plaintiff,

v. CIVIL ACTION NO. 1:23-00473

WARDEN ROKOSKY,

Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings of fact and recommendations ("PF&R") regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on July 28, 2026, in which he recommended that the district court dismiss plaintiff's petition pursuant to 28 U.S.C. § 2254 and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour,

889 F.2d 1363 (4th Cir. 1989). Dickens timely filed objections to the PF&R. See ECF No. 27.

On August 25, 2011, Dickens was convicted in the Superior Court of the District of Columbia on one count of first-degree murder and one count of conspiracy to commit first-degree murder arising from the August 8, 2008, shooting death of Stanley Daniels.[1] On July 7, 2023, while incarcerated at FCI McDowell in the Southern District of West Virginia, Dickens filed the instant § 2254 petition asserting the following grounds for relief:

1. Petitioner Dickens challenges the court order denying recall of the mandate as untimely and without merits.

2. Ineffective assistance of appellate counsel for failing to argue an intervening change in law in violation of the Sixth Amendment.

3. Petitioner is entitled to a new trial based on a Brady violation concerning a prior inconsistent statement of government witness Eddie Pitts.

4. The mandate should be recalled to allow Dickens to challenge his conviction and sentence under new law.

[1] A detailed recitation of the facts of this action and the procedural background can be found in Magistrate Judge Tinsley's PF&R, (ECF No. 25), and therefore need not be repeated here. The court will, however, discuss any relevant facts as necessary throughout this opinion to resolve plaintiff’s objections.

PF&R at 11. In his PF&R, Magistrate Judge Tinsley concluded that Dickens's Brady claim (Ground Three) is barred by D.C. Code § 23-110,[2] and that Grounds One, Two, and Four lack merit. See id. at 15-16.

All of plaintiff's grounds for relief are connected to his argument that the government violated Brady by failing to turn over the rough notes from a court services officer's interview with his codefendant Eddie Pitts. Briefly, Pitts pled guilty and was called to testify at Dickens's trial. After his plea and before plaintiff's trial, Pitts was interviewed by a Court Services Officer ("CSO") in order to prepare his presentence report.

> The CSO interviewed Pitts on February 15, 2011, without notifying his attorney or the prosecutor. Pitts made

---

> [2] Convictions in the D.C. Superior Court are subject to a unique regime of collateral review. A prisoner in custody under a Superior Court sentence "may move the court to vacate, set aside, or correct the sentence." D.C. Code § 23-110(a). To the extent this remedy is available, it is exclusive. See id. § 23-110(g). Thus, federal courts cannot consider habeas petitions filed by prisoners who have adequate and effective section 23-110 remedies available to them.

Johnson v. Wilson, 960 F.3d 648, 651 (D.C. Cir. 2020). "This court does not have jurisdiction to entertain claims that were or could have been presented to the Superior Court on a § 23-110 motion, unless the petitioner can show that his remedy under § 23-110 is 'ineffective or inadequate to test the legality of his conviction.'" Johnson v. Stansberry, Civil Action No. 10 0178, 2010 WL 358521, at *1 (D.D.C. Jan. 29, 2010) (quoting D.C. Code § 23-110(g)).

several statements that minimized his involvement in the conspiracy and contradicted statements he later made at trial. The day after the interview, by coincidence, Pitts' attorney left a voicemail for the CSO asking her to halt her investigation because Pitts was going to move to continue his sentencing. The CSO halted preparation of the PSR. The CSO did not tell the prosecutor or Pitts' attorney that she had conducted the interview, and Pitts' statement was not made available until the report was completed on September 14, 2011 [after Dickens's trial].

At a June 2011 status hearing in Pitts' case, the judge briefly inquired about the CSO's investigation. Pitts' attorney reported that Pitts had "spoken to" the CSO but that she had asked the CSO not to prepare the PSR yet because Pitts would be testifying at the trial of Fenner and Dickens. Pitts' attorney also said that she "believe[d]" that the CSO had "done all her work," but she confirmed that the PSR had "not been prepared yet." The prosecutor was present during these remarks.

Fenner's counsel moved to unseal the transcripts and PSR in Pitts' case. At a July status hearing in the case against Dickens and Fenner, the prosecutor did not object to unsealing the transcripts, but she noted that the CSO had not yet completed her investigation. Regarding the PSR, she stated that she did not know "what the status on that front is." The presiding judge granted Fenner's motion to unseal the transcripts but did not grant Fenner's request for access to the PSR, stating that if the defense "want[s] to file something on the [PSR] issue, you can do that." Dickens' counsel was present during this exchange. Neither Fenner nor Dickens raised the issue again before trial.

After trial, the CSO completed the PSR and submitted it to the court. The prosecutor received it shortly thereafter and saw Pitts' February 2011 statement for the first time. She then requested that the CSO contact Pitts' attorney so that Pitts could give a supplemental statement. Pitts' attorney arranged for her client to return to the CSO's office to give a supplemental statement. After receiving

> permission from the presiding judge, the prosecutor disclosed to appellants' counsel the PSR containing both Pitts' original and revised statements.

Dickens v. United States, 163 A.3d 804, 814 (2017).

Although Dickens has filed lengthy objections to the PF&R, the bulk of his filing repeats the arguments he made in his habeas petition. Dickens's objections are largely unresponsive to the analysis contained in the PF&R and he makes several inaccurate statements that are not borne out by the record. Nevertheless, the court considers his objections de novo.

Plaintiff's first objection is that "the magistrate judge erred by applying AEDPA deference to a claim that the D.C. courts did not adjudicate on the merits." ECF No. 27 at 2. This objection is overruled because the D.C. courts did adjudicate his claims (insofar as they were raised) on the merits.

Under 28 U.S.C. § 2254, Dickens is entitled to federal habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that when the issues raised in a § 2254 petition were raised and considered on the merits in State court habeas proceedings, federal habeas relief is unavailable unless the State court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

> established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A federal court's "review of the relevant state court decision is highly constrained." Richardson v. North Carolina, No. 08-6770, 316 F. App'x 246, 250 (4th Cir. Mar. 11, 2009) (citing Jackson v. Johnson, 523 F.3d 273, 276 (4th Cir. 2008)). "The Antiterrorism and Effective Death Penalty Act ("AEDPA") prescribes 'a highly deferential standard for evaluating state-court rulings.'" Cole v. Branker, 328 F. App'x 149, 155 (4th Cir. 2008) (quoting Lenz v. Washington, 444 F.3d 295, 299 (4th Cir. 2006)). As the United States Court of Appeals for the Fourth Circuit explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes federal courts to "entertain an application for a writ of habeas corpus" for a convicted state prisoner "on the ground that [his] custody [ ] violat[es] the Constitution or laws" of the United States. 28 U.S.C. § 2254(a). But the manner in which the federal courts may entertain such an application depends considerably on how the state court treats a petitioner's claims.
>
> AEDPA contains several procedural requirements structured to ensure the state courts remain "the principal forum for asserting constitutional challenges to state convictions," rather than "a preliminary step for a later federal habeas proceeding." Harrington v. Richter, 562 U.S. 86, 103,

131 S. Ct. 770, 178 L. Ed.2d 624 (2011). First, AEDPA requires all state prisoners to "exhaust[ ] the remedies available in the courts of the State" before seeking federal habeas relief. § 2254(b)-(c); see also Harrington, 562 U.S. at 103, 131 S. Ct. 770. This exhaustion requirement gives state courts "a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed.2d 598 (1986). State courts are "presumptively competent[ ] to adjudicate claims arising under the laws of the United States." Tafflin v. Levitt, 493 U.S. 455, 458, 110 S. Ct. 792, 107 L.Ed.2d 887 (1990). Thus, "[i]t would be unseemly," the Supreme Court has explained, "for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Darr v. Burford, 339 U.S. 200, 204, 70 S. Ct. 587, 94 L. Ed. 761 (1950).

When state courts embrace their leading role in correcting constitutional errors and righting wrongful convictions, the demands of "comity and federalism" reach their apex. Rhines v. Weber, 544 U.S. 269, 273, 125 S. Ct. 1528, 161 L. Ed.2d 440 (2005). Recognizing these "foundational principle[s] of our federal system," AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. 12, 19, 134 S. Ct. 10, 187 L. Ed.2d 348 (2013). For these already-adjudicated claims, § 2254(d) permits only two paths to federal habeas relief. See Harrington, 562 U.S. at 98, 131 S. Ct. 770. First, if the state decision turned on a factual finding, that finding may be disturbed only if "objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003); see also § 2254(d)(2). Otherwise, the state ruling must have been "contrary to, or involved an unreasonable application of, clearly established federal law" for federal habeas intervention. § 2254(d)(1); see also Virginia v. LeBlanc, -- U.S. --, 137 S. Ct. 1726, 1728-29, 198 L. Ed.2d 186 (2017).

Moreover, in conducting § 2254(d)'s deferential review, a federal court is limited to reviewing the record as presented to the state post-conviction court. Because "review under § 2254(d)(1) focuses on what a state court knew and did," we measure the reasonableness of the state court's decision based on the information in the record before it. Cullen v. Pinholster, 563 U.S. 170, 182, 131 S. Ct. 1388, 179 L. Ed.2d 557 (2011); see also Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed.2d 144 (2003). And since "evidence later introduced in federal court is irrelevant to § 2254(d)(1) review," a district court need not hold an evidentiary hearing before denying a petitioner's claim based on § 2254(d)(1). Cullen, 563 U.S. at 184, 131 S. Ct. 1388; see also Schriro v. Landrigan, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed.2d 836 (2007); see generally Samuel R. Wiseman, Habeas After Pinholster, 53 B.C. L. Rev. 953, 968–70 (2012). Likewise, § 2254(d)(2) provides for a limited review of factual determinations "in light of the evidence presented in the State court proceeding." And "[t]his backward-looking language" similarly "requires an examination of the state-court decision at the time it was made." Cullen, 563 U.S. at 182, 185 n.7, 131 S. Ct. 1388; see also Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011).

On the other hand, if a state court shuns its primary responsibility for righting wrongful convictions and refuses to consider claims of error, the weighty concerns of federalism and comity are diminished. See Winston v. Kelly, 592 F.3d 535, 555, 557 (4th Cir. 2010) ("Winston I"). AEDPA thus permits a federal court to bypass § 2254(d)'s limitations on relief when a state court has refused to "adjudicate" a procedurally proper claim "on the merits." § 2254(d). In this rare scenario, the gloves come off: The federal habeas inquiry is more penetrating, and—if consistent with statute and the Rules Governing § 2254 Cases—we may hear evidence that would otherwise be immaterial under § 2254(d)'s limited review. See Gordon v. Braxton, 780 F.3d 196, 202 (4th Cir. 2015); Winston v. Pearson, 683 F.3d 489, 496 (4th Cir. 2012) ("Winston II"); Winston I, 592 F.3d at 556.

Valentino v. Clarke, 972 F.3d 560, 575-76 (4th Cir. 2020); see also Bowman v. Stirling, 45 F.4th 740, 752 (4th Cir. 2022) ("We have no discretion to disregard the standards Congress has imposed for review of federal habeas petitions filed by state prisoners. But this deferential standard applies only to claims adjudicated on the merits in State court. If the state court did not resolve the merits of a properly presented federal claim, then there is no decision to which we can defer and we review the question de novo.") (cleaned up).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court stated that under the "contrary to" clause in § 2254(d)(1), a federal habeas Court may grant habeas relief "if the State court arrives at a conclusion opposite to that reached by this Court on a question of law or if the State court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. 362, 412-13 (2000). A federal habeas court may grant relief under the "unreasonable application" clause of § 2254(d)(1) where the State court identified the appropriate Supreme Court precedent but unreasonably applied the governing principles. Id. In determining whether the State court's decision was contrary to, or was an unreasonable application of, Supreme Court precedent,

all factual determinations by the State court are entitled to a presumption of correctness. See 28 U.S.C. § 2254(e). "The state court's application of clearly established federal law must be 'objectively unreasonable,' and 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Robinson v. Polk, 438 F.3d 350, 355 (4th Cir. 2006) (quoting Williams, 529 U.S. at 411). Moreover, when "assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." Wilson v. Ozmint, 352 F.3d 847, 855 (4th Cir. 2003) (quotation marks omitted).

Plaintiff's objection regarding the level of deference due the D.C. court's decision is without merit. Although he asserts that no deference is due because the D.C. courts did not decide his claims on the merits, that assertion is plainly contradicted by the record which shows that his claims were adjudicated on the merits.

"Review under § 2254(d) applies to the last reasoned state court decision." Nicolas v. Attorney Gen. of Md., 820 F.3d 124, 129 (4th Cir. 2016). The Order of the District of Columbia Court

of Appeals denying Dickens's motion to recall the mandate was clearly a decision "on the merits". See ECF No. 1-2 ("On consideration of appellant's motion to recall the mandate, it is ORDERED that appellant's motion to recall the mandate is denied both as untimely and on the merits."). The decision goes on to state, "even considering appellant's claims, we conclude they are without merit. We previously affirmed the trial court's determination that the government did not possess the documents, and both the case and the rule are premised on the materials being in the government's possession or control. Further, the court rejected appellant's claim that the government was required to search for and acquire the statement (or the CSO's rough notes) and then disclose the information to him, and that CSOSA was acting in an investigatory manner such that they should be deemed agents of the prosecution for Brady purposes."). Id.

To the extent that Dickens is arguing that the D.C. court did not "say enough," address every one of his arguments, or frame the issue to his satisfaction such an argument fails because "a conclusory state court order is still reviewed under 28 U.S.C. § 2254(d), and such an order is still entitled to deference." Cole v. Branker, 328 F. App'x 149, 156 (4th Cir. 2008). As the Court has made clear:

> There is no text in the [2254] statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. . . . Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

Harrington v. Richter, 562 U.S. 86, 98-100 (2011) ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Just this year, the Supreme Court reaffirmed the deference a federal habeas court must give to a state court's merits decision. According to the Court:

> AEDPA review provides an important but limited safeguard: It protects against extreme malfunctions in the state courts' adjudication of constitutional claims. So in order to obtain federal habeas relief, a state prisoner must show far more than clear error. The habeas claimant must instead establish that the state court blundered so badly that every fairminded jurist would disagree with the decision. Only then is a decision so lacking in justification that its error precludes even the possibility for fairminded dispute.
>
> If this rule means anything, we have said, it means that a federal court must carefully consider all

> the reasons and evidence supporting the state court's decision. That requirement is pivotal because federal courts have no authority to impose mandatory opinion-writing standards on state courts. And a state court need not make detailed findings addressing all the evidence before it. Indeed, AEDPA requires deference even if the state court does not discuss the evidence at all. What matters under § 2254(d)(1)—the standard relevant here—is whether a decision is contrary to, or involves an unreasonable application of, this Court's holdings, not whether the state court's opinion satisfied the federal court's opinion-writing standards.

Klein v. Martin, 607 U.S. 213, 220-21 (2026) (cleaned up). In Klein, the Court reversed a decision of the United States Court of Appeals for the Fourth Circuit affirming a grant of habeas relief to a Maryland state prisoner. See id. at 599. In so doing, the Court found that the Fourth Circuit erred in holding "the state appellate court applied the wrong rule because that court failed to discuss certain evidence that tended to undermine the State's case and because its analysis was not sufficiently 'nuanced.'" Id. at 222. According to the Court, "[t]hat holding was a basic misapplication of AEDPA, which bars federal courts from imposing opinion-writing standards on state courts and demands that the relevant state-court decision be given the benefit of the doubt." Id. at 222-23 (citation and quotation omitted).

Plaintiff's attempt to recharacterize his claim as an issue that, according to him, was never considered fails. Critically, the decision of the District of Columbia Court of Appeals

expressly rejected Dickens's "claims that the government was required to search for and acquire the statement (or the CSO's rough notes) and then disclose the information to him[.]" ECF No. 1-2 at 4-5. Therefore, even if the government was somehow put on notice at Pitts' bench conference on June 15, 2011, that the CSOSA had talked to Pitts, it was under no obligation to acquire those notes and give them to Dickens. The D.C. court's decision in this regard is not contrary to clearly established federal law.

Dickens's second objection is that the magistrate judge incorrectly found the Brady issue had already been raised and decided through Dickens's motion under D.C. Code 23-110. See ECF No. 27 at 3. According to him, "[t]he present claim concerns the prosecution's independent constitutional duty under Brady to disclose favorable and material evidence known to the Government." Id. at 4. This argument is a nonstarter. Dickens's weak attempt to recharacterize his Brady claim, which has been rejected multiple times by the D.C. courts, to get around 23-110's bar is without merit. It is still the same Brady claim.

Plaintiff's third objection is also concerned with the PF&R's treatment of his Brady claim. See id. at 5. According to him, the PF&R incorrectly "treats the prosecutor's lack of physical possession of Pitts' CSOSA statement as ending the Brady inquiry. Possession and knowledge are not identical." Id. Once again,

this court is only tasked with determining whether the D.C. courts' decisions were contrary to or an unreasonable application of federal law. There is no error in the PF&R.

Dickens also argues that the magistrate judge erred by relying on the Superior Court's characterization of Pitts' statement as cumulative impeachment evidence." Id. at 6. This is not even really an objection to the PF&R but, rather, an attempt for plaintiff to make the same arguments that he has made multiple times.

The last two objections raised by Dickens are that the PF&R erred in rejecting his ineffective assistance of counsel claims. Dickens does not point to any error in the PF&R's analysis; he merely disagrees with its conclusion. Upon de novo review, the court finds no error in the PF&R's analysis regarding plaintiff's ineffective assistance of counsel claims. See Valentino, 972 F.3d at 585 ("Under the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, we do not ask whether the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."). Plaintiff's objections thereto are overruled.

This court finds that the D.C. courts' post-conviction adjudication of plaintiff's claims was not unreasonable.

Accordingly, plaintiff's objections are **OVERRULED.** The court **ADOPTS** the findings and conclusions contained in Magistrate Judge Tinsley's PF&R, **DENIES** plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254, **DISMISSES** this action, and directs the Clerk to remove the matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion to all counsel of record and to plaintiff, pro se.

**IT IS SO ORDERED** this 30th day of September, 2026.

ENTER: David A. Faber

David A. Faber
Senior United States District Judge